UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHANEY LEAVONE NORVELL, CDCR #AA-0214,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>S. ROBERTS; MARCUS POLLARD; JUSTIN B. KING,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-01293-CAB-JLB<br><br>**ORDER:**<br><br>**1) DIRECTING CLERK OF COURT TO FILE COMPLAINT [ECF No. 1] AS FIRST AMENDED COMPLAINT IN CASE NO. 3:20-cv-00512-JLS-NLS;**<br><br>**2) DIRECTING CLERK OF COURT TO FILE PLAINTIFF'S REMAINING SUBMISSIONS IN CASE NO. 3:20-cv-00512-JLS-NLS;**<br><br>**AND**<br><br>**3) DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE** |

　　　　Anthaney Leavone Norvell ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD"), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. Section 1983 on July 8, 2020.  (ECF No. 1.)

A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A review of the docket in another case pending in this Court, *Norvell v. Roberts, et al.*, 20-cv-00512-JLS-NLS (S.D. Cal.) (hereinafter, *Norvell I*), indicates that Plaintiff may not have intended his Complaint in this case to initiate a new action. The Court takes judicial notice of *Norvell I*, in which Plaintiff asserted similar allegations against the same Defendants named in this matter. (*See generally id.* at ECF No. 1.) In *Norvell I*, the Court dismissed Plaintiff's complaint for failure to state a claim on May 11, 2020, and granted forty-five days leave to file an amended complaint addressing the deficiencies identified by the Court. (*See id.* at ECF No. 7.)

It appears that Plaintiff likely intended the Complaint in this case, *Norvell II*, to be his amended pleading in *Norvell I*. Plaintiff did not, however, label it as an amended pleading or provide the *Norvell I* case number on the pleading. As a result, the Clerk of Court opened a new case.

Given Plaintiff's likely intention to submit an amended pleading in *Norvell I*, the Court will direct the Clerk of Court to close this matter and to file Plaintiff's Complaint (ECF No. 1) as his First Amended Complaint in *Norvell I* as of the date it was received in this case. The Court will also direct the Clerk of Court to file Plaintiff's other submissions in this case, including a motion for appointment of counsel, in *Norvell I*. (*See, e.g.*, ECF Nos. 2-4.) Plaintiff is cautioned that he must label all future filings in *Norvell I* with the proper case number.

### III. Conclusion and Orders

For the reasons explained, the Court:

1) **DIRECTS** the Clerk of Court to file Plaintiff's Complaint (ECF No. 1) as Plaintiff's First Amended Complaint in 3:20-cv-00512-JLS-NLS;

2) **DIRECTS** the Clerk of Court to file Plaintiff's remaining submissions in this matter in 3:20-cv-00512-JLS-NLS; and

3) **DIRECTS** the Clerk of Court to administratively close this matter. This matter shall not constitute a "strike" for purposes of 28 U.S.C. Section 1915(g).

**IT IS SO ORDERED**.

Dated: July 21, 2020

Hon. Cathy Ann Bencivengo
United States District Judge